IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON MYERS,                          :
                                      :
        Petitioner                    :
                                      :        CIVIL NO. 4:08-CV-0100
                                      :
        v.                            :        Hon. John E. Jones III
                                      :
                                      :
WARDEN OF SCI-ALBION, *et al.*,       :
                                      :
        Respondents                   :

## MEMORANDUM

May 6, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Jason Myers ("Petitioner" or "Myers"), an inmate presently confined

at the Albion State Correctional Institution ("SCI-Albion") in Albion, Pennsylvania,

initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus

("Petition") under the provisions of 28 U.S.C. § 2254.  (Doc. 1-2.)  The Petition

originally was filed on January 9, 2008 in the United States District Court for the

Western District of Pennsylvania.  By Order dated January 11, 2008, the case was

transferred to this Court in light of the fact that Myers was convicted in the Luzerne

County Court of Common Pleas, which is located in this District.  (*See* Doc. 2.)  The

case was opened in this Court on January 15, 2008.  (*See* Doc. 4.)

On February 5, 2008, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), this Court issued a formal notice to Myers that he either could have his petition ruled on as filed, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 7.) The Order advised Myers that if he did not return his notice of election within thirty (30) days, the Court would proceed to rule on the Petition as filed. (*See id.* at 3-4.) Myers did not return his notice of election, and therefore, by Order dated May 27, 2008, service of the Petition was directed. (Doc. 10.)

A Response to the Petition was filed on June 12, 2008. (Doc. 15.) Although Petitioner was afforded the opportunity to file a reply within fifteen (15) days of Respondents' filings (*see* Doc. 10 at 3), he chose not to do so. Therefore, the Petition is ripe for review. For the reasons set forth below, Petitioner's ineffective assistance of counsel claim will be dismissed without prejudice for failure to exhaust state court remedies. The remaining claims will be dismissed with prejudice as procedurally defaulted.

**BACKGROUND OF STATE COURT PROCEEDINGS**

**I.      Criminal Conviction and Direct Appeal Proceedings**

Following an incident on April 8 and 9, 2005, during which Myers brutally beat

and then sexually assaulted his girlfriend, he was charged with involuntary deviate sexual intercourse, terroristic threats, simple assault, and rape. (*See* Doc. 15, Response, at 2.) A jury trial was held in the Luzerne County Court of Common Pleas on May 2 through 4, 2006, after which the jury convicted Myers of involuntary deviate sexual intercourse, simple assault, and terroristic threats. (*See id.*) The jury was unable to reach a verdict on the charge of rape, and the trial court declared a mistrial on that charge. (*See id.*)

On August 10, 2006, the trial court conducted a sentencing hearing after which it imposed a sentence of eight and one half (8 ½) to twenty (20) years imprisonment on the count of involuntary deviate sexual intercourse; a consecutive sentence of sixteen (16) months to five (5) years on the count of terroristic threats; and a consecutive sentence of twelve (12) to twenty-four (24) months on the count of simple assault. (*See id.*)

On August 31, 2006, Myers filed a direct appeal from his judgment of sentence to the Pennsylvania Superior Court. (*See id.*; 1574 MDA 2006[1].) However, on December 28, 2006, counsel for Myers filed a praecipe to terminate the appeal stating that, because Myers only sought to raise claims of ineffective assistance of counsel,

---

[1]*See* Pennsylvania's Unified Judicial System Webportal, Appellate Courts Docket Sheets, available at http://ujsportal.pacourts.us/docketsheets/appellate.aspx

and these claims cannot be pursued on direct appeal, but rather must be pursued in a

petition for post-conviction relief, he did not wish to pursue the direct appeal. (*See*

Doc. 15 at 3.) By Order dated December 29, 2006, the Pennsylvania Superior Court

discontinued Petitioner's appeal. (Doc. 15-2, 12/29/06 Notice of Discontinuance of

Action.)

## II.    Post-Conviction Relief Act Proceedings

On July 2, 2007, Myers' counsel filed a petition on his behalf under

Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann.

§§ 9541 *et seq.*, in the Luzerne County Court of Common Pleas. (*See* Doc. 15-5,

PCRA Petition.) The PCRA petition alleges that Myers' trial counsel was ineffective

in the following respects:

> (a)    Counsel failed to adequately investigate and prepare the defense of
> this case.
>
> (b)    Counsel failed to have the voir dire jury selection stenographically
> recorded.
>
> (c)    This ineffectiveness results in no record being made. The jury
> pool was not questioned extensively relative to any prejudice they
> might have relative to the underlying charges.
>
> (d)    The ineffectiveness of counsel so undermined the truth process that
> no reliable adjudication of guilt or innocence could have taken
> place.
>
> (e)    The failure to raise these claims earlier was the product of prior
> counsel's ineffectiveness, was not the fault of any rational strategic

4

or tactical decision by counsel, and the ineffectiveness has resulted in the conviction of an innocent individual.

(f)     Counsel failed to file suppression Motions, call material witnesses, file Motions in Limine.

(*Id.* at 2 ¶ 9.)  Attached to the Response to the instant Petition, filed on June 12, 2008, is a scheduling Order issued by the PCRA Court on May 28, 2008 scheduling a hearing on the PCRA petition for June 27, 2008.  (*See* Doc. 15-5 at 4.)

In reviewing the record in this case to prepare to dispose of the instant Petition, this Court engaged in computer research to ascertain the current status of Myers' PCRA petition.  That research revealed the following:

On November 13, 2008, Myers filed an appeal to the Pennsylvania Superior Court from a June 27, 2008 Order denying his PCRA petition.  (*See Commonwealth v. Myers*, 2027 MDA 2008.[2])  On November 4, 2009, the Pennsylvania Superior Court affirmed the denial of Myers' PCRA petition.  (*See id.*)  Myers filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on January 1, 2010.[3]  (*See Commonwealth v. Myers*, 174 MAL 2010.[4])  As of the date of this Memorandum,

---

[2]*See* Pennsylvania's Unified Judicial System Webportal, *supra* note 1.

[3]The Pennsylvania Supreme Court docket indicates that the petition was transferred from a prior petition filed at 667 MT 2009 and that the filing date of November 30, 2009 is preserved.  (*See* 174 MAL 2010 at 2-3.)

[4]*See* Pennsylvania's Unified Judicial System Webportal, *supra* note 1.

Myers' Petition for Allowance of Appeal is pending before the Pennsylvania Supreme

Court.  (*See id.*)

**DISCUSSION**

**I.      Standard of Review**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper

mechanism for a state prisoner to challenge the "fact or duration" of his confinement.

*Preiser v. Rodriguez,* 411 U.S. 475, 498-499 (1973).  "[I]t is not the province of a

federal habeas court to reexamine state-court determinations on state-law questions."

*Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).  Rather, federal habeas review is

restricted to claims based "on the ground that [petitioner] is in custody in violation of

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle,*

502 U.S. at 67-8; *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Johnson v.*

*Rosemeyer,* 117 F.3d 104 (3d Cir. 1997).

**II.     Procedural Thresholds for Section 2254 Petitions**

**A.      Exhaustion**

As a general rule, a state prisoner must exhaust available state court remedies

before seeking habeas relief in federal court.  28 U.S.C. §§ 2254(b), (c); *Cone v. Bell,*

- - - - U.S. - - - - , - - - - , 129 S. Ct. 1769, 1780 (2009); *Rose v. Lundy*, 455 U.S. 509,

515-20 (1982); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993); *Gibson v.*

*Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition . . . ." *Santana v. Fenton*, 685 F.2d 71, 77 (3d Cir. 1982).[5] The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson*, 805 F.2d at 138.

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the

---

[5]Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock*, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994); *Schandelmeier v. Cunningham*, 819 F.2d 52, 55 (3d Cir. 1986).

remedies available to him if he has a right under the state law to raise, by any

available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*,

489 U.S. 346, 350 (1989). The petitioner bears the burden of demonstrating that he

has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir.

2000) (citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997)).

### B.      Procedural Default

"[I]f [a] petitioner failed to exhaust state remedies and the court to which the

petitioner would be required to present his claims in order to meet the exhaustion

requirement would now find the claims procedurally barred . . . there is procedural

default for the purpose of federal habeas . . . ." *Coleman v. Thompson*, 501 U.S. 722,

735 n.1 (1991); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). A federal

court can reach the merits of procedurally defaulted claims only if the petitioner

demonstrates either "cause and prejudice" in connection with the procedural default,

or that a fundamental miscarriage of justice would result if his claim was not

reviewed. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*,

266 F.3d 218, 223 (3d Cir. 2001); *Lines*, 208 F.3d at 166.

Although the issue is best addressed by the state courts, a federal court may

dismiss a petition as procedurally barred if state law would unambiguously deem it

defaulted. *See Carter v. Vaughn*, 62 F.3d 591, 595 (3d Cir. 1995). Similarly,

procedural default occurs when a petitioner presented the claim in the state system, but the state court refuses to address the claim on the merits because of "a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Cone*, 129 S.Ct. at 1780 (quoting *Coleman*, 501 U.S. at 729). The purpose of the procedural default rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court. *Coleman*, 501 U.S. at 732.

### C.    Mixed Petitions

Where a petition is "mixed"- *i.e.* it contains both exhausted and unexhausted claims- the Court has several courses of action available to it. First, the Court can dismiss the petition without prejudice in order to allow the petitioner to return to state court and totally exhaust his claims, or to proceed in federal court on a petition which raises only fully exhausted issues. *See Rose*, 455 U.S. 509. This approach advances the underlying purpose of the exhaustion rule of ensuring comity between the state and federal systems by allowing the state courts to fully pass upon the issues presented before they are presented in federal court.

However, because some petitioners may be unable to fully exhaust their state remedies on the claims presented in their mixed petitions before the one-year statute of limitations for filing a federal habeas petition expires, a second course of action has

9

developed.  In this alternative approach, referred to as "stay and abeyance", the Court

issues a stay of the federal habeas proceedings during the time in which the petitioner

exhausts state court remedies.  *See Rhines v. Weber*, 544 U.S. 269 (2005).  However,

in *Rhines*, the United States Supreme Court expressed the following concerns about

this approach:

> Stay and abeyance, if employed too frequently, has the potential to
> undermine the [ ] twin purposes [behind the statute of limitations and the
> exhaustion doctrine].  Staying a federal habeas petition frustrates
> AEDPA's objective of encouraging finality by allowing a petitioner to
> delay the resolution of the federal proceedings.  It also undermines
> AEDPA's goal of streamlining federal habeas proceedings by decreasing
> a petitioner's incentive to exhaust all of his claims in state court prior to
> filing his federal petition.

*Id.* at 277.  To address these concerns, the Supreme Court emphasized that stay and

abeyance should be available only in "limited circumstances" where the district court

has determined that there was good cause for the petitioner's failure to exhaust his

claims first in the state court, and that the claims sought to be exhausted are not

"plainly meritless."  *Id.*  The Third Circuit Court of Appeals recently held that, a

petitioner seeking to obtain a stay and abeyance should "satisf[y] the three

requirements for a stay as laid out in *Rhines*: good cause, potentially meritorious

claims, and a lack of intentionally dilatory litigation tactics."  *Heleva v. Brooks*, 581

F.3d 187, 192 (3d Cir. 2009).

    **D.    Myers' Habeas Petition**

Myers raises the following grounds in his Petition for Writ of Habeas Corpus:

1) My constitutional rights to a speedy trial was violated, and my sixth amendment right to effective counsel was also violated (Doc. 1-2 at 4);

2) This was the conditions of bail on this case, so this Judge did not give no 13 months credit for being on house arrest before being found guilty (*id.* at 6);

3) According to law, my only way to raise this as a sentencing issue is by filing a Habeas Corpus in this court[6] (*id.* at 8);

4) Judge Michael Toole keeps appointing new counsel every 90 days to date. To avoid a[n] evidentiary hearing they know this trial was illegally held. This Judge had me on ambiguity status on an electronic monitoring device over 13 months before trial. This time should have been credited, but the trial was already time barred (*id.* at 10).

As more fully set forth below, all of Myers' claims are unexhausted. As to his

ineffective assistance of counsel claim raised in his first and third grounds, appellate

proceedings still are pending on Myers' PCRA petition in which he raises solely

ineffective assistance claims. (*See Commonwealth v. Myers*, 174 MAL 2010.[7])

Therefore, we must dismiss this claim without prejudice to allow the state proceedings

to conclude before entertaining the claim in this Court. For the reasons discussed

below, the issuance of a stay is not appropriate pending the completion of these

---

[6]Myers further explains his third ground as follows: "Ineffective counsel has to be raised in the Luzerne County Court. Not on direct appeal, and because they will not give me a hearing and because the law states my issues also [e]ntail the constitution on sentencing issues I had to file this Habeas Corpus." (Doc. 1-2 at 8.)

[7]*See* Pennsylvania's Unified Judicial System Webportal, *supra* note 1.

proceedings.

None of the claims contained in Myers' remaining grounds have been raised before any state court. Because Myers would be procedurally barred from presenting these claims in state court, they are procedurally defaulted. Therefore, the purpose behind the stay and abeyance procedure would not be served by granting a stay to allow him to pursue the claims, and their dismissal with prejudice is appropriate.

### 1.     Myers' Ineffective Assistance of Counsel Claims

In his first ground, Myers alleges, *inter alia*[8], that his Sixth Amendment right to effective counsel was violated. (*See* Doc. 1-2 at 4.) Myers' third ground essentially is an extension of his first ground in that he claims that he has to pursue his ineffective assistance claims and sentencing issues through this habeas petition because he has not been given a hearing on his PCRA petition. (*See* Doc. 1-2 at 8.) Myers reiterates this point throughout his Petition in describing his efforts to pursue his claims in state court. He explains that he sought to raise his ineffective assistance claims in his PCRA petition because he could not raise them on direct appeal, but that the Luzerne County Court was ignoring his petition and/or delaying the scheduling of a hearing, and therefore, he had no choice but to file the instant Petition. (*See id.* at 4-13.)

---

[8]The other portion of Myers' first ground raising a violation of his right to a speedy trial will be addressed in subsection 2 below.

Myers' ineffective assistance of counsel claims still have not been fully

reviewed by the state courts.  His Petition for Allowance of Appeal from the

Pennsylvania Superior Court's Order affirming the denial of his PCRA petition in

which he raised solely ineffective assistance of counsel claims remains pending.  (*See*

*Commonwealth v. Myers*, 174 MAL 2010.[9])  Therefore, he has not yet exhausted his

state court remedies with respect to these claims.  *See Lovasz v. Vaughn*, 134 F.3d

146, 149 (3d Cir. 1998) (holding second PCRA petition was pending until

Pennsylvania Supreme Court denied petitioner's Petition for Allowance of Appeal).

To the extent Myers is claiming that exhaustion as to his ineffective assistance

of counsel claims should be excused as a result of a delay in processing and disposing

of his PCRA petition, we find that the delay was not significant enough to excuse

exhaustion in this case.  In *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir. 1986), the

Third Circuit Court of Appeals found the passage of thirty-three (33) months between

the filing of the petitioner's post-conviction relief petition and his filing of a habeas

petition in federal court to be "inordinate" so as to excuse the exhaustion requirement

and to require the district court to entertain the habeas petition on the merits.  Almost

fifteen and one half (15 ½) years later, in *Cristin v. Brennan*, the Third Circuit

observed that the thirty-three (33) month delay in *Wojtczak* "remains the shortest

---

[9]*See* Pennsylvania's Unified Judicial System Webportal, *supra* note 1.

delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement." 281 F.3d 404, 411 (3d Cir. 2002). In *Cristin*, the Third Circuit found the twenty-seven (27) month delay between the filing of a PCRA petition and a federal habeas petition to be insufficient to constitute an "inordinate" delay.

Accordingly, where a twenty-seven (27) month delay has been determined to be insufficient to excuse exhaustion, neither the six (6) month delay that occurred in this case between the filing of a PCRA petition in July 2007 and the filing of the instant petition in January 2008, nor the almost one (1) year delay that occurred between the filing of the PCRA petition and its disposition on June 27, 2008, qualifies as an "inordinate" delay so as to excuse Myers from the exhaustion requirement.

Having determined that Myers has not exhausted his ineffective assistance of counsel claims, we now turn to an analysis of whether the issuance of a stay is appropriate pending the completion of state court proceedings. We begin by considering whether Myers can demonstrate "good cause" for the issuance of a stay. To show good cause, a petitioner must show that requiring exhaustion will result in his petition being time-barred under § 2244. *See Heleva*, 581 F.3d at 192. Section 2244 establishes a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody. 28 U.S.C. § 2244(d)(1). However, 28 U.S.C.

§ 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz*, 134 F.3d at 148.

In this case, Myers' judgment of sentence became final on December 29, 2006, the date the Pennsylvania Superior Court granted his request to discontinue his direct appeal. *See Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. Ct. 2008) (holding defendant's conviction became final, thus commencing the period for filing a PCRA petition, on the date he discontinued his appeal). Therefore, the one-year period under § 2244(d)(1) for filing a federal habeas petition began running on that date. The statute of limitations ran for five (5) months and thirty (30) days until June 28, 2007, when Myers timely filed a PCRA petition. At that point, the statute of limitations was tolled and remains tolled because appellate review of the PCRA petition has not yet been completed. *See* 28 U.S.C. § 2244(d)(2); *Lovasz*, 134 F.3d at 149. Therefore, upon the disposition of his Petition for Allowance of Appeal by the Pennsylvania Supreme Court, Myers still will have six (6) months and one (1) day to file a habeas petition in this Court raising his ineffective assistance of counsel claims.

Because there will be sufficient time for Myers to return to this court to pursue a

federal habeas petition upon the completion of state court proceedings on his

ineffective assistance of counsel claims, he cannot demonstrate good cause to justify

the entry of a stay in this case.  Further, because Myers cannot demonstrate good

cause for the entry of a stay, we need not analyze the remaining *Rhines* requirements

(*i.e.* whether his ineffective assistance claims have merit and whether there is a lack of

intentionally dilatory litigation tactics).  Therefore, Myers' ineffective assistance of

counsel claims will be dismissed without prejudice in order to allow the state courts to

complete their review of these claims.

### 2.    Myers' Remaining Grounds

None of the remaining grounds raised by Myers in the instant Petition were

raised previously in state court.  Within his fourth ground, Myers alleges that the

PCRA judge was attempting to delay the disposition of his PCRA petition by

appointing new counsel every ninety (90) days.  This claim already has been

addressed in part above in finding that the delay Myers faced in the disposition of his

PCRA petition was not "inordinate" so as to justify excusing him from the exhaustion

requirement.  However, to the extent Myers also seeks relief in this Court based upon

the PCRA judge's actions in delaying the disposition of his PCRA petition, his claim

is not cognizable in a habeas petition.  Title 28 U.S.C. § 2254 provides that "a district

court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court's habeas power is "'limited . . . to a determination of whether there has been an improper detention by virtue of the state court judgment.'" *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir. 1998) (quoting *Henderson v. Frank,* 155 F.3d 159, 168 (3d Cir. 1998)). "Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation." *Id.* (emphasis in original). *See also Thomas v. Miner*, 317 Fed. Appx. 113, 115 (3d Cir. 2008) (affirming district court's determination that petitioner's challenge to Pennsylvania Superior Court's decision affirming denial of post-conviction relief petition was not cognizable in habeas petition). Because we would not be able to review this claim in the instant case, we need address it no further, and it will be dismissed with prejudice.

Two of Myers' claims are cognizable in a § 2254 habeas petition: his claim within his first ground that his constitutional right to a speedy trial was violated, and his claim within his second and fourth grounds that the sentencing judge erred in

17

failing to give him credit for time served when he was on house arrest with an

electronic monitoring device before his trial. (*See* Doc. 1-2 at 4, 6, 10, Grounds 1, 2,

4.) However, Myers has not previously raised these issues in state court and therefore

has not exhausted his state court remedies with respect to these claims. Issuing a stay

to allow him to present these issues to the state courts would be futile because, even at

the time Myers filed the instant petition, any PCRA petition he would have filed in

state court would have been dismissed as untimely. A PCRA petition must be filed

within one year of the date on which the conviction became final. 42 Pa. Cons. Stat.

§ 9545(b)(1). As already discussed, Myers' conviction became final on December 29,

2006, the date on which the Pennsylvania Superior Court issued an Order (Doc. 15-2)

discontinuing his appeal pursuant to his request. *See McKeever*, 947 A.2d at 785.

Therefore, he had until December 31, 2007[10] to file a PCRA petition. Because this

deadline passed prior to the filing of the instant Petition on January 9, 2008, Myers

would have been procedurally barred from returning to state court at the time of the

filing of this action in order to raise the new claims he raises here. As a result, these

claims are procedurally defaulted and may not be reviewed on the merits by this

Court. *See Coleman*, 501 U.S. at 735 n.1; *McCandless*, 172 F.3d at 260.

---

[10]Because the last day for filing, December 29, 2007, was a Saturday, the time for filing
would have been extended to Monday, December 31, 2007. *See* Pa. R. Civ. P. 106(b).

Nevertheless, we must consider whether Myers has raised any facts which would establish either "cause and prejudice" in connection with his procedural default, or that a fundamental miscarriage of justice would result if his claims were not reviewed. *See Edwards*, 529 U.S. at 451; *Wenger*, 266 F.3d at 223; *Lines*, 208 F.3d at 166. In order "[t]o show cause, a petitioner must prove 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Sistrunk v. Vaughn,* 96 F.3d 666, 675 (3d Cir. 1996) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). In order to show actual prejudice, "the habeas petitioner must prove not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . . This standard essentially requires the petitioner to show he was denied 'fundamental fairness[.]'" *Werts v. Vaughn,* 228 F.3d 178, 193 (3d Cir. 2000) (citations and some internal quotations omitted). The second exception permits a federal court to address the merits of a procedurally defaulted claim where the petitioner can establish a "miscarriage of justice." In *Werts,* the Court explained this exception as follows:

> if the petitioner fails to demonstrate cause and prejudice for the default, the federal habeas court may still review an otherwise procedurally defaulted claim upon a showing that failure to review the federal habeas claim will result in a 'miscarriage of justice.' Generally, this exception will apply only in extraordinary cases, *i.e.,* 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent....' [*Murray,* 477 U.S.] at 496, 106 S.Ct. 2639. Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror

19

would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 326, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

*Id.* Although Myers explains in his Petition that he had to pursue his ineffective assistance of counsel claims in a PCRA petition rather than through a direct appeal, he does not explain why he failed to raise the other issues he is raising here for the first time either in the PCRA petition that still is pending in the Pennsylvania Supreme Court or through a direct appeal. As a result, Myers' Petition does not contain any facts demonstrating that he is entitled to application of either of the exceptions to the procedural default rule. Therefore, the Court cannot reach the merits of these claims, and they will be denied with prejudice.

**CONCLUSION**

For the foregoing reasons, Petitioner's ineffective assistance of counsel claim will be dismissed without prejudice for failure to exhaust state court remedies. The remaining claims will be dismissed with prejudice as procedurally defaulted. An appropriate Order will enter.